Jason E. MORRIS, Appellant

v.

OWENSBORO GRAIN CO., LLC; Honorable Jeanie Owen Miller, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2012–SC–000435–WC.

Supreme Court of Kentucky.

Aug. 29, 2013.

Daniel Caslin, Owensboro, KY, for Appellant.

Bonnie Jo Hoskins, Lexington, KY, Carl Martin Brashear, for Appellee.

## OPINION OF THE COURT

Appellant, Jason E. Morris, appeals from a decision of the Court of Appeals which held that compensability for his work-related injuries fell exclusively within the purview of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et. seq. ("LHWCA"), and that there was no concurrent jurisdiction under Kentucky's Workers' Compensation Act. Morris makes the following arguments on appeal: 1) that the Court of Appeals erred by finding that the LHWCA is a "rule of liability for injury or death" provided by the laws of the United States under KRS 342.650(4); and 2) that even if his work-related injuries fell exclusively within the purview of the LHWCA, his employer, Owensboro Grain Company, maintained voluntary Kentucky workers' compensation coverage which allows him to bring his claim. For the reasons set forth below, we affirm the Court of Appeals.

Owensboro Grain is a soybean and grain processing refinery located on the Ohio River. Two docks beside the processing

plant are connected to the riverbank by catwalks. Barges deliver raw materials to the plant's docks and ship the finished products of meal and pellet feed for livestock. Morris, an Owensboro Grain employee since 1998, estimated that he spent sixty percent of his time at work maintaining and monitoring the machinery which makes the pellet feed and forty percent of his time performing deckhand duties, such as hooking winch cables to barges so that they could be maneuvered at the docks.

Morris suffered his work-related injury in 2008 while performing deckhand duties. After Morris had finished loading items onto a barge, he slipped and began to fall while climbing from the dock onto a platform. Morris caught himself by grabbing an overhead beam, but this caused him to dislocate his shoulder. An orthopedic surgeon examined Morris and determined that surgery would be necessary to repair the damage. Following surgery, Morris remained off work for approximately three weeks. After a period of recovery, Morris was released to full-duty work by his surgeon without any restrictions.

Morris's injury was reported under the LHWCA, a federal statutory scheme which provides compensation for injured maritime employees. He subsequently received benefits from Owensboro Grain's LHWCA insurance policy. Morris, however, testified that he did not know what type of insurance coverage Owensboro Grain maintained or that he was receiving LHWCA benefits. In 2010, Morris filed a claim for Kentucky workers' compensation benefits. Owensboro Grain denied the claim, asserting that Morris's injury was not covered under Kentucky's Workers' Compensation Act.

Following a hearing, the ALJ found that the LHWCA is a rule of liability for injury or death provided by the laws of the United States under KRS 342.650(4) and that

since Morris's injury fell under the LHWCA, Kentucky had no subject matter jurisdiction over his claim. She also found there was no evidence Owensboro Grain provided voluntary coverage to Morris under Kentucky's Workers' Compensation Act. Accordingly, the ALJ dismissed Morris's claim.

The Workers' Compensation Board affirmed the ALJ in a two to one decision. The dissenting Board member believed that Morris's injury fell within the "twilight zone" rule, which allows for concurrent workers' compensation coverage under both the LHWCA and a state's law. He further believed that Morris presented sufficient evidence that Owensboro Grain provided voluntary coverage to him under Kentucky's Workers' Compensation Act pursuant to KRS 342.660. The Court of Appeals affirmed the dismissal of Morris's claim. This appeal followed.

## I. A WORK–RELATED INJURY COVERED UNDER THE LHWCA EXEMPTS THE WORKER FROM THE KENTUCKY WORKERS' COMPENSATION ACT

Morris first argues that the ALJ erred by finding that since his injury was covered under the LHWCA he may not file a Kentucky workers' compensation claim. He instead believes that there is concurrent jurisdiction under the LHWCA and our Workers' Compensation Act and that he could elect to file a claim under both statutory schemes. We disagree.

All employees in Kentucky are subject to the provisions of the Workers' Compensation Act with the exception of several classes of employees specified by KRS 342.650. One such exempted class of employees includes "[a]ny person for whom a rule of liability for injury or death is provided by the laws of the United States ..." KRS 342.650(4). The ALJ in finding

that Morris fell within KRS 342.650(4), found that Morris "was at the time of his injury engaged in a maritime activity, was injured over navigable waters, and his employer qualified as an employer under the LHWCA." She therefore concluded that the LHWCA provided a "rule of liability" per KRS 342.650(4), and that since Morris was covered by the LHWCA that Kentucky had no jurisdiction. The ALJ accordingly dismissed Morris's workers' compensation claim.

Morris believes that the ALJ's conclusion was incorrect because he does not believe the LHWCA constitutes a "rule of liability" under KRS 342.650(4). Morris argues that the LHWCA was never intended to completely preempt state workers' compensation laws. He contends that the existence of so-called "twilight zones," which allow a worker to claim both LHWCA and state workers' compensation benefits, indicates that the federal government never intended for the LHWCA to be the sole method for compensating injured maritime workers and therefore cannot be a "rule of liability."

However, Morris's argument that one must look at the interpretation and development of the LHWCA to determine whether the federal government intended for it to preempt state workers' compensation statutes is misguided. The United States Supreme Court has clearly held that a worker who is covered under the LHWCA may also have a remedy under state workers' compensation law in certain circumstances. *See Sun Ship Inc. v. Pennsylvania,* 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980). Instead we must determine what the General Assembly intended for KRS 342.650(4) to accomplish and then see how it applies to this matter.

■ Several other jurisdictions use language similar to KRS 342.650(4) in their workers' compensation statutes. *See* Iowa Code § 85.1(6)("Employers may with respect to an employee or a classification of employees exempt from coverage provided by this chapter pursuant to subsection 1, 2, or 3, other than the employee or classification of employees with respect to whom a rule of liability or a method of compensation is established by the Congress of the United States ..."); Ohio Rev.Code § 4123.04 ("for whom a rule of liability or method of compensation has been or may be established by congress"); Or.Rev.Stat. § 656.027(4)("A person for whom a rule of liability for injury or death arising out of and in the course of employment is provided by the laws of the United States"); Utah Code § 34A–2–109(2)("a rule of liability or method of compensation is established by the Congress of the United States as to interstate or foreign commerce"). Within the context of these statutes, it is clear that the term "rule of liability" is meant to refer to a workers' compensation statutory scheme, such as the LHWCA, Federal Employers' Liability Act, or the Jones Act. While some of the jurisdictions which use the term "rule of liability" allow for concurrent federal and state workers' compensation, several clearly prohibit employees covered by a federal workers' compensation plan from being covered under their state workers' compensation plan. *See Harvey's Casino v. Isenhour,* 724 N.W.2d 705 (Iowa 2006) (holding that riverboat casino employees are maritime workers covered by the Jones Act and therefore ineligible to receive Iowa workers' compensation coverage); *Williamson v. Western–Pacific Dredging Corp.,* 304 F.Supp. 509 (D.Or. 1969) (interpreting Oregon law to prohibit an employee covered by a federal workers' compensation scheme from receiving Oregon workers' compensation benefits). *See also* La.Rev.Stat. § 23:1035.2 ("No com-

pensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer's Liability Act, the Longshoremen's and Harbor Worker's Compensation Act, or any of its extensions, or the Jones Act"). Based on the similarities between KRS 342.650(4) and the statutes cited in the above cases we conclude the General Assembly intended to exempt any worker from Kentucky's Workers' Compensation Act when his injury is covered by a federal workers' compensation scheme,[1] unless the employer provides voluntary coverage. *See* KRS 342.660. Since Morris was covered under the LHWCA, he is exempt from our workers' compensation laws unless Owensboro Grain provided him voluntary coverage.

## II. THERE IS INSUFFICIENT EVIDENCE TO PROVE THAT OWENSBORO GRAIN PROVIDED VOLUNTARY WORKERS' COMPENSATION COVERAGE

■ Morris next argues that if we find that KRS 342.650(4) exempts him from coverage under Kentucky's Workers' Compensation Act, his employer, Owensboro Grain, provided voluntary workers' compensation coverage pursuant to KRS 342.660. KRS 342.660 provides that an employer may elect to cover any employee under our Workers' Compensation Act who is exempted by KRS 342.650. It states in pertinent part that: "[a]ny employee, otherwise exempted under KRS 342.650, of the employer shall be deemed to have elected to come under this chapter, if at the time of the injury for which liability is claimed, his or her employer has in force an election to be subject to this chapter with respect to the employment in which the employee was injured and the

employee has not, either upon entering into employment or within five (5) days after the filing of an election by the employer, given to his or her employer and to the commissioner notice in writing that he or she elects not to be subject to this chapter."

Morris argues that since Owensboro Grain filed notice with the Department of Workers' Compensation that it maintained coverage in compliance with KRS 342.340, it also satisfied the notice requirement of KRS 342.660. Thus, since he did not opt out of Kentucky's workers' compensation coverage, Morris argues that he could file a claim for Kentucky workers' compensation benefits based on the existence of the KRS 342.340 notice.

But the record does not include a copy of the workers' compensation policy in question and there is no indication that Owensboro Grain provided the notice required by KRS 342.660(2) to the Commissioner of the Department of Workers' Claims to show it intended to cover all of its employees under our state workers' compensation laws regardless of whether they were covered by a federal rule of liability. The mere fact that Owensboro Grain maintained workers' compensation insurance does not create a presumption of coverage, which would shift the burden of proof to the employer to show a lack of coverage for employees exempted under KRS 342.650. Since Morris failed to present any evidence to prove Owensboro Grain intended to provide voluntary coverage to all employees, the ALJ did not abuse her discretion in granting the motion to dismiss Morris's claim. CR 12.02.

For the reasons set forth above, the decision of the Court of Appeals is affirmed.

---

1. We note that KRS 342.650(4) does not apply to any worker who is covered under the federal Black Lung Benefits of the Federal Coal Mine Health and Safety Act of 1969 (Title IV, Public Law 91–173, 91st Congress).

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting. All concur. KELLER, J., not sitting.